Filed 10/21/13  P. v. Xiong CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072837 |
| v. | (Super. Ct. No. CRF12574) |
| JACKIE XIONG, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jackie Xiong asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review has revealed an inconsistency between the oral pronouncement of judgment and the minute order.  The matter was resolved by a plea agreement.  As part of the plea, the parties agreed the trial court would dismiss counts 2, 3, and 5, and the attendant enhancement allegations.  Consistent with the plea agreement, we direct the trial court to dismiss counts 2, 3, and 5, and the attendant

1

enhancement allegations, and order a new minute order prepared reflecting these dismissals. As modified, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Because this matter was resolved by plea the facts are taken from Yuba County Sheriff's Department incident report as summarized in the People's statement and the probation report. In September 2012, defendant was living with his 17-year-old girlfriend. He punched her in the face, knocked her to the ground, and used the handle of a screwdriver to strike her on the legs more than 10 times. He then took a belt and choked her and dragged her across the floor by the neck. During the assault, defendant swung a knife at her, held a knife to her neck, and repeatedly threatened to kill her. The victim believed defendant's threats. Defendant continued to punch the victim over the next several hours and then they fell asleep. When they awoke, defendant would not allow the victim to leave the bedroom. Eventually, the victim's parents came to pick her up and took her to the hospital. The victim sustained contusions to the left and right side of her face, her left bicep, and around her right wrist. She had massive discoloration and swelling to her outer thigh and left foot. Her right eye was swollen shut.

An information charged defendant with spousal abuse (Pen. Code, § 273.5, subd. (a); count 1),[1] two counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 2 and 3), making criminal threats (§ 422; count 4) and statutory rape (§ 261.5, subd. (c); count 5). As to all the counts, the information alleged defendant had a prior strike conviction (§ 1170.12, subds. (b) & (c), 667, subds. (d) & (e)). As to the spousal abuse charge, the information also alleged defendant personally inflicted great bodily injury

---

[1]     Undesignated statutory references are to the Penal Code.

(§ 12022.7, subd. (e)).  The information further alleged defendant's prior conviction rendered him eligible for sentencing to state prison.

Defendant pled no contest to spousal abuse and making criminal threats and admitted he personally inflicted great bodily injury with a sentence cap of nine years and eight months.  As part of the plea, the parties agreed the trial court would dismiss the remaining counts and attendant enhancement allegations.  The trial court took the People's motion to dismiss the remaining counts and enhancement allegations under submission.

At sentencing, the trial court found section 654 did not preclude punishment on both the assault and criminal threats convictions, as defendant had an opportunity to reflect on his actions, it was a divisible course of conduct and he had separate intentions, one to inflict injury and the other to intimidate the victim to prevent her from fleeing and calling the police.  Accordingly, the trial court sentenced defendant to serve the upper term of four years for the spousal abuse conviction, five years for the great bodily injury enhancement and a consecutive eight-month term (one-third the midterm) for the criminal threats, for an aggregate term of nine years and eight months.  The trial court imposed various fines and fees and awarded 85 days of presentence custody credits.  Defendant did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination

3

of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We have, however, found an error in the December 21, 2012, minute order. The record reflects the trial court intended to execute the terms of the plea agreement, but neglected to dismiss the statutory rape and two assault-with-a-deadly-weapon counts, as well as the attendant prior strike conviction allegations, during the oral pronouncement of judgment. Notwithstanding the oral pronouncement of judgment, the December 21, 2012, minute order reflects the People's motion to dismiss the remaining counts was granted. The record indicates both parties and the trial court intended these counts and attendant enhancement allegations would be dismissed. The trial court accepted defendant's no contest pleas to spousal abuse and making criminal threats and his admission to personally inflicting great bodily injury. The trial court then sentenced defendant in accordance with the plea agreement. Neither party mentioned the agreement to dismiss the remaining counts and enhancement allegations. Based on this record, it is evident the trial court neglected to dismiss the remaining counts and enhancement allegations as part of the plea agreement. Accordingly, we direct the trial court to dismiss counts 2, 3, and 5, and the attendant enhancement allegations under sections 1170.12, subdivisions (b) and (c), and 667, subdivisions (d) and (e). We also direct the superior court clerk to prepare a new minute order reflecting the trial court's dismissals because the December 21, 2012, minute order incorrectly indicated the court dismissed those counts and allegations at that time.

### DISPOSITION

The trial court is directed to dismiss counts 2, 3, and 5, and the attendant enhancement allegations under Penal Code sections 1170.12, subdivisions (b) and (c), and 667, subdivisions (d) and (e). The trial court clerk is directed to prepare a new

4

minute order dismissing counts 2, 3, and 5, and the attendant enhancement allegations. The clerk is further directed to forward a certified copy of the new minute order to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

                                                                      HOCH          , J.

We concur:

                 RAYE         , P. J.

                ROBIE       , J.